IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRET B., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 3:23-cv-01213-L-BT |
| COMMISSIONER OF THE SOCIAL SECURITY ADMIN., | § § § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Bret B.[1] seeks judicial review of a final adverse decision by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the District Judge should **REVERSE** the Commissioner's decision and **REMAND** the case for further administrative proceedings consistent with this recommendation.

**Background**

Plaintiff alleges that he is disabled due to a variety of impairments, including degenerative disease in his spine and knee; left shoulder rotator cuff tear and osteoarthritis; left lower extremity sural neuropathy; anxiety,

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

depression, and bipolar disorder; and Barret's esophagus. *See* Pl.'s Br. 7–19 (ECF No. 12). Plaintiff was forty-four years old as of his disability onset date of July 1, 2015, and forty-eight years old as of the expiration of his Title II insured status on September 30, 2019. *Id.* at 6. He has past relevant work experience as a service establishment attendant and a shipping and receiving clerk. *See id.*; Admin. R. 63–64.

Plaintiff applied for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act on July 17, 2018. Pl.'s Br. 5–6. The Social Security Administration denied his claim initially and on reconsideration, and then Plaintiff requested a *de novo* review. An Administrative Law Judge (ALJ) conducted a hearing on August 3, 2022. *See id.*, Admin. R. 41–74 (hearing transcript).

Utilizing the five-step sequential evaluation,[2] the ALJ concluded that Plaintiff was and currently is disabled as of October 2, 2020, but not before, and

---

[2] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in Appendix 1 of the Social Security Regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step

not at any time prior to the expiration of his Title II insured status on September 30, 2019. Admin. R. 32. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date and that Plaintiff suffered from cervical spine degenerative disc disease; lumbar spine degenerative disc disease; left shoulder rotator cuff tear and osteoarthritis; knee degenerative joint disease; left lower extremity sural neuropathy; anxiety; depression; bipolar disorder; Barret's esophagus; hernia; and obesity. *Id.* at 22. The ALJ further found that Plaintiff's impairments were severe, but that his severe impairments do not meet or medically equal any listed impairment in Appendix 1 of the Social Security Regulations. *Id.* at 23.

The ALJ determined that, before October 2, 2020, Plaintiff retained the residual functional capacity (RFC) to perform light work, except he could occasionally climb ladders, ropes, and/or scaffolds; frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; occasionally reach overhead with the left upper extremity, and frequently reach in all other directions; frequently handle and finger bilaterally; understand, remember, and carry out detailed, but not complex, instructions; and have no more than occasional interaction with the general public. *Id.* at 26. But after October 2, 2020, Plaintiff's "worsened lumbar

---

review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

spine impairment, combined with increased obesity, reasonably support a sedentary exertional limitation," and as of that date, "there are no jobs that exist in significant numbers in the national economy that [Plaintiff] could perform." *Id.* at 29–32. Prior to October 2, 2020, the ALJ concluded that "[Plaintiff] was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." *Id.* at 31. However, the ALJ concluded that, when Plaintiff's age category changed on October 2, 2020, there were no jobs existing in significant numbers that Plaintiff could perform, and thus Plaintiff became disabled on October 2, 2020. *Id.* at 32.

The ALJ considered opinions from several medical experts in forming the conclusion that Plaintiff was not disabled before October 2, 2020. These medical expert opinions included the State Agency Medical Consultants' (SAMCs) assessment, which the ALJ found partially persuasive. *Id.* at 30. The ALJ discounted the SAMCs' opinions as to the degree of Plaintiff's reaching limitation "due to the lack of significantly reduced strength and range of motion reflected in the record." *Id.* The ALJ also considered the opinion of Dr. Muirhead, a clinical psychologist, and found it unpersuasive. *Id.* The ALJ noted that Dr. Muirhead opined that Plaintiff was limited in standing and walking, "but this is outside of the examiner's area of expertise and not well supported." *Id.*

Plaintiff appealed the ALJ's decision to the Appeals Council, but the Appeals Counsel denied Plaintiff's request for review. Pl.'s Br. 6. Having

4

exhausted his administrative remedies, Plaintiff brought this action seeking judicial review of the ALJ's decision that he was not disabled prior to October 2, 2020. In two grounds for relief, Plaintiff argues: (1) that the ALJ's RFC finding as to Plaintiff's ability to reach was not supported by substantial evidence; and (2) that the ALJ's persuasiveness analysis of Dr. Muirhead's medical opinion did not comply with regulatory requirements. Pl.'s Br.

The Commissioner filed the Administrative Record (ECF No. 10); Plaintiff filed his Opening Brief (ECF No. 12); the Commissioner filed a Response (ECF No. 15); and Plaintiff filed a Reply (ECF No. 17). This matter is now ready for review.

**Legal Standards**

Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and whether the proper legal standards were utilized. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The reviewing court does "not reweigh the evidence, try the issues de novo, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

5

An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)).

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure"). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

**Analysis**

1. *The ALJ's RFC finding as to Plaintiff's ability to reach is supported by substantial evidence.*

Plaintiff contends that the ALJ's RFC determination prior to the expiration of Plaintiff's Title II insured status on September 30, 2019 was not supported by substantial evidence because she "rejected the only medical expert evidence on the effect of [Plaintiff's] severe impairments on his ability to reach." Pl.'s Br. 24. The Commissioner responds that the ALJ properly considered the opinions of the SAMCs Patty Rowley, M.D., and Brian Harper, M.D. and assessed appropriate limitations in the RFC findings. Def.'s Resp. 5.

The RFC is the most that a person can still do despite recognized limitations. 20 C.F.R. § 404.1545(a)(1). The RFC determination is a "combined medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work." *Hill v. Saul*, 2020 WL 6370168, at *6 (N.D. Tex. Sept. 29, 2020) (Ramirez, J.) (internal quotations omitted) (quoting *Hollis v. Bowen*, 837 F.2d 1378, 1386–87 (5th Cir. 1988) (per curiam)), *adopted by* 2020 WL 6363878 (N.D. Tex. Oct. 29, 2020) (Lindsay, J.). It is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996). An individual's RFC should be based on all relevant evidence in the case

7

record, including opinions submitted by medical sources. 20 C.F.R. § 404.1545(a)(3); SSR 96-8p, 1996 WL 374184, at *1.

The ALJ bears the "sole responsibility for determining the [plaintiff's] disability status." *Thibodeaux v. Astrue*, 324 F. App'x 440, 443 (5th Cir. 2009) (citing *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)). "Determining a [plaintiff's RFC] is the ALJ's responsibility, and [the ALJ] has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007) (per curiam). A reviewing court must defer to the ALJ's decision when substantial evidence supports it, even if the court would reach a different conclusion based on the evidence in the record. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Nevertheless, the substantial evidence review is not an uncritical "rubber stamp" and requires "more than a search for evidence supporting the [the ALJ's] findings." *Hill*, 2020 WL 6370168, at *6 (quoting *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984)). The Court "must scrutinize the record and take into account whatever fairly detracts from the substantiality of the evidence supporting" the ALJ's decision. *Hill*, 2020 WL 6370168, at *6 (quoting *Martin*, 748 F.2d at 1031). A no-substantial-evidence finding is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Hill*, 2020 WL 6370168, at *6 (citing *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988)).

After reviewing the hearing decision and the administrative record, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

Plaintiff takes issue with the ALJ's determination that he was not disabled until October 2020, arguing that the ALJ disregarded medical evidence supporting a conclusion that Plaintiff was disabled through September 30, 2019. Specifically, Plaintiff argues that the ALJ rejected the only medical expert evidence on the effect of Plaintiff's severe impairments on his ability to reach. Pl.'s Br. 24. SAMCs Dr. Rowley and Dr. Harper both concluded at the initial determination and the reconsideration stage that Plaintiff was limited in his ability to reach to occasional reaching in front, laterally, and overhead with his left arm from the disability onset date through September 30, 2019. Pl.'s Br. 25. But the ALJ found these opinions not well supported based on additional medical records submitted at the hearing stage, which included records reflecting "normalized shoulder strength and limited treatment for shoulder pain after 2020." Admin. R. 32. Plaintiff argues that the ALJ identified no evidence prior to September 2019 that would contradict the SAMCs' conclusions—and indeed, only cited to evidence from "2020" in finding the SAMCs' reports "partially persuasive." Pl.'s Br. 26; Admin. R. 32.

The Commissioner responds that the ALJ properly considered the SAMCs' opinions, which were rendered in February and March 2019, and that the ALJ's

9

RFC determination was consistent with their findings. Def.'s Br. 6. "Like the medical consultants," the Commissioner contends, "the ALJ also limited Plaintiff to occasional reaching overhead with the left upper extremity, but she also determined that he can frequently reach in all directions." *Id.* Indeed, the Commissioner argues that "the medical record is replete with evidence showing that [Plaintiff] maintained normal range of motion in the extremities from 2016 through 2019." *Id.* (collecting citations to the Administrative Record).

The Fifth Circuit has "held that an ALJ may not—without opinions from medical experts—derive" a plaintiff's RFC and "an ALJ may not rely on [her] own unsupported opinion as to the limitations presented by the applicant's medical conditions." *Jeff Ivan M. v. Berryhill*, 2019 WL 3847992, at *5 (N.D. Tex. July 26, 2019) (Horan, J.) (internal quotations omitted) (quoting *Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995))), *adopted by* 2019 WL 3842975 (N.D. Tex. Aug. 15, 2019) (Cummings, J.). "ALJs 'must be careful not to succumb to the temptation to play doctor' or make their own independent medical assessments." *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (Posner, J.)). However, it is the sole responsibility of the ALJ to determine the RFC, and this function is not to be confused with an ALJ substituting her own lay opinion for a medical opinion. *Gina R. v. Comm'r*, 2021 WL 1209198, at *3 (N.D. Tex. Mar. 30, 2021) (Toliver, J.) (citing *Taylor v.*

10

*Astrue*, 706 F.3d 600, 602-603 (5th Cir. 2012)) (citing *Ripley*, 67 F.3d at 557 (noting the RFC determination is the sole responsibility of the ALJ); 20 C.F.R. § 404.1520(c) (noting the ALJ is only required to consider, not accept, medical opinion evidence)).

Here, the Court finds that the ALJ's RFC findings are supported by substantial evidence. The ALJ did not "play doctor" and partially relied on the SAMCs' medical opinions of record to inform her RFC finding. When determining the extent of a claimant's ability to do physical and mental work activities, the relevant regulations require the ALJ to consider medical opinions together with the rest of the relevant evidence in the record. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *Jones v. Saul*, 2021 WL 2895867, at *5 (N.D. Tex. July 9, 2021). This is exactly what the ALJ did here—in making her determination, she considered the record as a whole, Plaintiff's medical history starting in 2016, Plaintiff's testimony from the hearing, and records submitted at the hearing level, in addition to finding the SAMCs' opinions partially persuasive. *See* Admin. R. 27–32. Although Plaintiff insists that "by the ALJ's reasoning it is only medical evidence from 2020 that contradicts [the SAMCs'] opinions on [Plaintiff's] reaching," the ALJ specifically stated that she did not find the SAMCs' opinions well-supported "due to the lack of significantly reduced strength and range of motion reflected in the record," indicating that the ALJ based her decision on the entire record, not just medical evidence from 2020. *Id.* at 32. The

11

ALJ also methodically reviewed Plaintiff's medical records from 2016 onwards across five pages. Admin. R. 27–31. Further, Plaintiff's burden is not to highlight evidence contrary to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision. *Jones*, 2021 WL 2895867, at *5. Plaintiff did not carry this burden, and indeed, the Commissioner points the Court to several pieces of evidence in the record prior to 2020 indicating a "normal range of motion" in Plaintiff's extremities. *See, e.g.*, Admin. R. 637, 652, & 917. Accordingly, the District Judge should conclude that substantial evidence supports the ALJ's determination of Plaintiff's RFC. *See Steven K. v. Kijakazi*, 2022 WL 1056920, at *12–13 (N.D. Tex. Jan. 19, 2022) (Rutherford, J.).

2. *The ALJ erred in her analysis of Dr. Muirhead's medical opinion.*

Plaintiff's second ground for error—that the ALJ did not adequately explain how she considered the consistency factor in evaluating the persuasiveness of Dr. Muirhead's medical opinion—requires remand. Pl.'s Br. 30.

Because Plaintiff filed for benefits "on or after March 27, 2017," the ALJ was required to consider the persuasiveness of medical opinions from different medical sources. *See* 20 C.F.R. § 404.1520c(a). Five factors bear on the issue of persuasiveness: (1) supportability; (2) consistency; (3) the relationship with the claimant; (4) specialization; and (5) other factors that "tend to support or contradict the opinion." 20 C.F.R, § 404.1520c(c)(5). There is no specific manner in which the ALJ must articulate her determination, but she must at least

12

"explain how [she] considered the supportability and consistency factors." *Guy v. Comm'r of Soc. Sec.*, No. 4:20-cv-1122-O-BP, 2022 WL 1008039, at *3 (N.D. Tex. Mar. 14, 2022) (Ray, J.) (quoting 20 C.F.R. § 404.1520c(b)(2)), *adopted by* 2022 WL 1004241 (Apr. 4, 2022) (O'Connor, J.).

In this case, Dr. Muirhead, a clinical psychologist, conducted a psychological evaluation of Plaintiff on September 16, 2019. *See* Admin. R. 1211–16. In a written report, Dr. Muirhead described Plaintiff as an individual "who has a history of Substance Abuse, Depression, and Mobility Impairment." *Id.* at 1211. He noted Plaintiff's history of alcohol and marijuana abuse, as well as Plaintiff's reported sobriety date of January 2019. *Id.* He also noted Plaintiff was diagnosed with depression at age eleven, that Plaintiff began using of medication for anxiety at age thirty, and that, at the time of the evaluation, Plaintiff was in outpatient treatment and taking multiple medications for bipolar disorder. *Id.* Dr. Muirhead further noted "[P]laintiff has standing and walking limitations in conjunction with diffuse arthritis." *Id.* He observed that "[a]t the time of his appointment, [Plaintiff] was able to ambulate without assistance, but his gait was impaired and he reported difficulty with pain related sleep disturbance." *Id.* Plaintiff estimated his standing and walking capacity to be limited to twenty minute durations, and that his mobility problems are "exacerbated by bunions and bilateral hammertoe." *Id.* at 1212. Plaintiff was "making use of multiple medications for pain relief." *Id.* Dr. Muirhead diagnosed Plaintiff with

13

"Intellectual Disability, Mild," "Mixed Substance Abuse Disorder, in Remission," and "Persistent Depressive Disorder, Early Onset." *Id.* at 1216. Dr. Muirhead further described Plaintiff's functional limitations as follows:

1. His learning capacity is compromised by Mild Intellectual Disability. He has a below average spoken vocabulary, marginal literary skills, and limited verbal comprehension.

2. He suffers from Persistent Depressive Disorder with ongoing symptoms of deflated mood, irritability, sleep disturbance, and persisting daily anxiety that intensifies with social contact.

3. In conjunction with Diffuse Arthritis and Bilateral Foot Pain, his standing and walking capacity is limited to brief durations.

*Id.* at 1215–16.

The ALJ rejected Dr. Muirhead's opinion as "unpersuasive." Admin. R. 32. In a single sentence, the ALJ explained, "Dr. Muirhead opined the claimant was limited in standing and walking to brief durations, but this is outside of the examiner's area of expertise and not well supported." *Id.* Plaintiff argues that the ALJ did not properly articulate the consistency factor in evaluating the persuasiveness of Dr. Muirhead's medical opinion and, thus, "the Court is left to speculate as to how the ALJ considered the other medical and/or nonmedical evidence of record to be inconsistent with Dr. Muirhead's opinion." Pl.'s Br. 33. The Court agrees.

The ALJ erred by failing to analyze the consistency factor in her assessment of Dr. Muirhead's medical opinion. While the ALJ stated that Dr. Muirhead's opinion was "not well supported," she did not explain whether Dr.

14

Muirhead's opinion was internally inconsistent, or unsupported in comparison to the other medical evidence on record. *See* Admin. R. 32.

The supportability and consistency factors "involve different analyses and require the ALJ to explain her reasoning for her persuasiveness finding with respect to each factor." *Heleodoro C. v. Comm'r,* 2022 WL 4359148, at *3 (N.D. Tex. July 20, 2022), *adopted sub nom. by Castro v. Comm'r*, 2022 WL 4360555 (N.D. Tex. Sept. 19, 2022). While supportability looks at the evidence the medical expert provides to support their opinion, consistency is an "all-encompassing inquiry" which focuses on "how well a medical source is supported, or not supported, *by the entire record." Id.* (emphasis in original). In this case, the ALJ included no meaningful discussion of whether Dr. Muirhead's opinion on Plaintiff's limitations was inconsistent with the rest of the record—only a brief conclusion that the opinion was "not well supported." This does not satisfy the regulatory requirements in 20 C.F.R. § 404.1520c. *See Guy v. Comm'r*, 2022 WL 1008039, at *3 (N.D. Tex. Mar. 14, 2022), *adopted by* 2022 WL 1004241 (N.D. Tex. Apr. 4, 2022). The ALJ erred in failing to explain how persuasive she found Dr. Muirhead's opinion with respect to the factors of supportability *and* consistency. *See William T. v. Comm'r*, 2020 WL 6946517, at *6 (N.D. Tex. Nov. 25, 2020).

The Commissioner argues that the ALJ's discussion of Dr. Muirhead's opinion is sufficient when read in context of the narrative discussion underlying

15

her RFC finding. Def.'s Br. 13. The Court disagrees. An ALJ must comport with regulatory requirements in explaining her analysis, because "the court is powerless to affirm the administrative decision by substituting what it considers to be a more adequate or proper basis." *Guy*, 2022 WL 1008039, at *4. While the Commissioner attempts to walk the Court through the various pieces of evidence in the record regarding Plaintiff's ability to walk that are inconsistent with Dr. Muirhead's opinion, *see, e.g., id.* at 14, the ALJ must still "discuss the [medical] opinion's probative value—or lack of it—in his decision." *Guy*, 2022 WL 1008039, at *5. Indeed, "reviewing courts cannot make educated guesses as to an ALJ's inner thoughts." *Id.* Therefore, even if the Court "can intuit the ALJ's reasons for discrediting [Dr. Muirhead's] opinion, it must remand the case so the ALJ can make explicit that which is currently implicit in her findings." *Heleodoro C.*, 2022 WL 4359148, at *4 (quoting *Guy*, 2022 WL 1008039, at *5).

    3. *The ALJ's error was not harmless.*

Plaintiff argues that remand is warranted here because "had the ALJ conducted proper evaluations of Dr. Muirhead's medical opinion in accordance with the [statutory requirements], it is plausible that the ALJ may have come to a different determination." Pl.'s Br. 36. Again, the Court agrees.

Harmless error doctrine applies in Social Security disability cases. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1998). "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a

16

party have not been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). "[H]armless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Davidson*, 164 F. Supp. 3d at 944 (citing *Bornette v. Barnhart*, 466 F. Supp. 2d 811 (E.D. Tex. 2006) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003))). Denial of a mandatory procedural protection is not harmless error. *Heleodoro C.*, 2022 WL 4359148, at *4.

Here, the ALJ's error in disregarding Dr. Muirhead's medical opinion without analyzing the consistency factor required by 20 C.F.R. § 404.1520c was not harmless. Such an error makes it impossible for the Court to discern whether the ALJ properly considered and weighed a medical opinion, which directly affects the RFC determination—therefore, it is not inconceivable that proper consideration of Dr. Muirhead's opinion could have led the ALJ to a different conclusion. *See William T.*, 2020 WL 6946517, at *7 (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 762 (5th Cir. 2017)). Had the ALJ properly considered Dr. Muirhead's opinion, she may have concluded that Plaintiff's RFC was more limited before October 2, 2020.

Because the Court cannot meaningfully review this matter without a proper evaluation of Dr. Muirhead's medical opinion, the District Judge should reverse the decision and remand this action.

## Recommendation

For the reasons explained above, the District Judge should REVERSE the decision of the Commissioner and REMAND the case for further administrative proceedings consistent with this recommendation.

**SO RECOMMENDED.**

July 29, 2024

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).